UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 09-cv-241-JL |
| ) | |
| Land and Buildings Located at ) | |
| 309 W. Hensley Boulevard, ) | |
| Champaign, Illinois, with all ) | |
| Appurtenances and Improvements ) | |
| Thereon, Owned by Market Street ) | |
| Investment Group, Inc. ) | |
| ) | |
| Defendant-in-rem. ) | |
| ) | |

### ORDER FOR INTERLOCUTORY SALE OF LAND AND BUILDINGS LOCATED AT 309 W. HENSLEY BOULEVARD, CHAMPAIGN, ILLINOIS

Having reviewed the Motion for Interlocutory Sale of Land and Buildings Located at 309 W. Hensley Boulevard, Champaign, Illinois,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  The defendant *in rem* real property, Land and Buildings Located at 309 W. Hensley Boulevard, Champaign, Illinois, with all Appurtenances and Improvements Thereon, Owned by Market Street Investment Group, Inc. (Market Street), may be sold at an interlocutory sale pursuant to the terms set forth in the Motion for Interlocutory Sale;

2.  Market Street, by and through its duly authorized principals, will execute promptly and documents which may be required to complete the interlocutory sale of the defendant in rem real property.

3. The United States shall obtain an appraisal, which the parties agree it has done and which reflects a current fair market value of $2,275,000.

4. Market Street principal Lakhan Boodram, in conjunction with Mark E. Howard, counsel for Market Street, will select a qualified, licensed real estate broker to market and sell the defendant property, pursuant to a brokerage agreement for a term of at least 120 days, at a price to be determined by the broker and the owners of record of not less than 95 percent of the value of the defendant property shown on the appraisal;

5. Market Street, through counsel Mark E. Howard, will notify the United States of all reasonable offers to purchase the property;

6. If the highest offer to purchase obtained within the term of the brokerage agreement is less than 95 percent of the U.S. Marshal's appraised value, the sale shall go forward only if the United States and all parties in interest agree to the sale. However, if an offer to purchase is received for a figure of 95 percent or more of the appraised value, the broker and the owners of record may enter into a sales contract without prior consent of the United States and all parties in interest. The United States may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

7. The purchase price of the defendant property will be a cash price;

8. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following expenses which shall be paid at the time of closing from the proceeds of the sale:

 a. Real estate commissions, if any, capped at 6%;

 b. The amounts due to lienholder pursuant to a mortgage evidenced by documents recorded in Champaign County, Illinois;

 c. Amounts due the holder of any other valid lien which was properly recorded prior to the time the United States' Notice of *Lis Pendens* was recorded;

 d. Real estate property taxes which are due and owing;

 e. Insurance costs, if any;

 f. Escrow fees;

 g. Document recording fees not paid by the buyer;

 h. Title fees;

 i. Transfer taxes;

9. The net proceeds realized from the sale of the property shall be substituted as a "substitute res" for the property named in the forfeiture complaint, and shall be remitted to the custody and control of the USMS as the substitute res in this case, and held in escrow pending further order of the Court;

10. Pending a sale, the record owners will retain custody, control, and responsibility for the property, will retain existing commercial insurance on the property, will maintain the structure and grounds in a manner consistent with offering the property

for sale, and will keep current on all expenses required by federal, state and local law (including real property taxes) until an interlocutory sale has been completed.

SO ORDERED

Date: 10-5-09

                                        United States District Court Judge